FRANCISCA JIMENEZ, Plaintiff-Appellant, *v.* THE CHICAGO & ILLINOIS WESTERN RAILROAD *et al.*, Defendants-Appellees.

First District (1st Division)    No. 78-661

Opinion filed April 23, 1979.

John C. Ambrose, of Chicago (F. John Cushing III, of counsel), for appellant.

Thomas J. Healey and Dennis A. Kearns, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Francisca Jimenez (plaintiff), in her capacity as administrator of the estate of Jose Jimenez, deceased, brought an action for wrongful death against the Chicago & Illinois Western Railroad (defendant) and the city of Chicago. Defendant's motion to strike and dismiss the complaint was granted with prejudice by the trial court. Plaintiff appeals.

On November 15, 1976, at approximately 1:30 a.m., a motor vehicle driven by Jose Jimenez collided with the support pillars of a railroad line bridge. The bridge was located in the city of Chicago and was owned and used for railroad purposes by the defendant. Mr. Jimenez died as a result of the injuries he sustained in the incident. Plaintiff's complaint alleged the co-defendants were negligent in failing to illuminate or paint stripes on the bridge support pillars to warn drivers of the hazard.

The defendant's motion to strike and dismiss the complaint was based on order No. 52161 of the Illinois Commerce Commission entered on December 9, 1970. The order directed the city to install and maintain lighting fixtures and striping on railroad bridge underpasses including the one here involved. The railroad companies were to reimburse the city for a stated percentage of the cost incurred. The order recited that it was entered pursuant to a "settlement proposal of the parties which the Commission found acceptable."

The sole issue before this court is whether the order of the Commerce Commission was effective to relieve defendant of any duty to maintain the bridge support pillars by lights or striping as above indicated.

Plaintiff cites and depends upon section 188—10 of the Municipal Code for the city of Chicago to support the contention that the defendant had a duty to maintain the bridge support pillars as above indicated. The Code provides "[e]very person owning or operating any steam or elevated railroad whose tracks is elevated within the City, shall" stripe and illuminate the bridge support pillars.

Plaintiff contends the Illinois legislature did not intend to preempt the entire area of railroad regulation by enactment of the Public Utilities Act (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 1 *et seq.*). Plaintiff relies on the Municipal Code as evidence of a sharing of police powers between the State and the municipalities in the area of railroad regulation. We cannot agree.

■■ The power to regulate a railroad highway crossing is not shared concurrently between the State and municipal corporations. In *City of Chicago v. Illinois Commerce Com.* (1934), 356 Ill. 501, 507-08, 190 N.E. 896, the supreme court stated:

> "The General Assembly, in its discretion, withdrew from the cities the regulatory powers formerly exercised by them over the separation of grades at crossings of highways by railroads and delegated such powers, among others, to the Commerce Commission, another agency of government."

It is clear that the power to regulate railroads, which municipalities once enjoyed, has been abrogated by the enactment of the Public Utilities Act.

562

As the supreme court held in *City of Chicago v. Chicago & North Western Ry. Co.* (1954), 4 Ill. 2d 307, 312, 122 N.E.2d 553:

> "[T]he power of the city over grade separations ceased to exist, making the city incapable of passing new ordinances or of enforcing existing ordinances with reference to such matters which the act placed within the exclusive jurisdiction of the Commerce Commission."

The power of the Illinois Commerce Commission over questions relating to railroad crossings has thus been established as exclusive and plenary. (See *City of Chicago v. Illinois Commerce Com.* (1979), 70 Ill. App. 3d 655, 388 N.E.2d 1084 and the authorities there cited.) Accordingly, the Commission had full authority to issue the order which is in question here and said order is preemptive of any railroad regulation ordinance promulgated by the city.

Plaintiff's contention that the order of the Commission established a shared or concurrent duty between the city and the defendant to maintain railroad bridge support pillars is without merit. The order states:

> "[T]he petitioner, City of Chicago, shall install and maintain flourescent fixtures, pilot lights, and striping on center posts in respondent railroads' underpasses."

The language of the order is clear. It does not impose a joint duty on the city and the defendant.

For these reasons the judgment order appealed from is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.